IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mitchell D. Hightower, ) | C/A No. 6:20-cv-03959-DCC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| G.B. Shoes and Houser Shoes, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Defendants G.B. Shoes and Houser Shoes' (hereinafter, "Defendants") Partial Motion to Dismiss. ECF No. 28. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling and a Report and Recommendation ("Report"). On April 13, 2021, the Magistrate Judge issued a Report recommending that the Motion be granted in part and denied in part. ECF No. 38. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Defendants filed Objections, which are now before the Court. ECF No. 42.

## **BACKGROUND**

Plaintiff filed suit in this Court on November 12, 2020, proceeding pro se and asserting claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117, based on termination of employment, failure to accommodate his disability, unequal terms and conditions of employment, and retaliation. ECF No. 1-4 at 3–5. Specifically, Plaintiff

1

alleges discrimination based on his sex and disability. *Id*. at 5. On March 26, 2021, this Court adopted the Magistrate Judge's recommendation that Defendants Ben Justice and Jonathan LNU be dismissed from the action without prejudice. ECF No. 35.

Defendants filed the instant Partial Motion to Dismiss on February 1, 2021, seeking dismissal of Plaintiff's claim for retaliation in violation of Title VII (in connection with his sex) and Plaintiff's claim for retaliation in violation of the ADA (in connection with his disability) for failure to exhaust administrative remedies. ECF No. 28. Plaintiff filed a response in opposition. ECF No. 32. On April 13, 2021, the Magistrate Judge issued a Report recommending that Defendants' motion be granted as to Plaintiff's Title VII retaliation claim but denied as to Plaintiff's ADA retaliation claim. ECF No. 38. Defendants filed Objections. ECF No. 42.

Neither party has objected to the Magistrate Judge's thorough recitation of the facts as alleged in the Complaint, and it is incorporated herein by reference. *See* ECF No. 28 at 2.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a

timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## **DISCUSSION**

### *Title VII Retaliation*

The Magistrate Judge recommended dismissal of Plaintiff's Title VII retaliation claim. Because no party has objected to the Magistrate Judge's recommendation on this claim,[1] the Court is only required to review the Report for clear error. Nevertheless, out of an abundance of caution and considering Plaintiff's pro se status, the Court reviews this portion of the Report de novo.

To establish a claim of retaliation pursuant to Title VII, Plaintiff must show that (1) he engaged in a protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal link between the two events. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (citation omitted). "Protected activity," in this context, means activity in opposition to employment actions that are unlawful under Title VII.[2] *EEOC v. Navy Fed. Credit Union*, 424 F.3d 297, 406 (4th Cir. 2005).

---

[1] Plaintiff was advised of the requirements for failing objections and the consequences for failing to do so. *See* ECF No. 38 at 13.

[2] Title VII's anti-retaliation provision also covers employment actions an employee "reasonably believes to be unlawful" under Title VII. *Navy Fed.*, 424 F.3d at 406. Because, as discussed below and in the Report, Title VII does not cover disability, any belief that Defendants' disability-based discrimination violated Title VII would not be reasonable.

"Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (citation omitted). As described in the EEOC Charge of Discrimination ("EEOC Charge"), Plaintiff opposed discriminatory treatment based on his disability. ECF No. 1-3 ("Ben continued to schedule me 30–40 hours a week and I complained."). However, discrimination based on an employee's disability does not violate Title VII. Title VII makes it unlawful for an employer to discriminate based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Although Plaintiff alleges that he was discriminated against based on his sex (male), the EEOC Charge contains no indication that he ever complained about or otherwise opposed discriminatory treatment based on his sex. The undersigned therefore agrees with the Magistrate Judge's determination that the EEOC Charge does not give fair notice of Plaintiff's intent to plead retaliation in violation of Title VII. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."). The claim must accordingly be dismissed for failure to exhaust administrative remedies.

### *ADA Retaliation*

To establish a claim for retaliation under the ADA, Plaintiff must show that: "(1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds v. Am. Nat'l*

4

*Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012).  Defendants object to the Report on the basis that the EEOC Charge does not allege that Plaintiff suffered an adverse employment action as a result of his oppositional activity.[3]

Under the ADA, "[a]n alleged retaliatory action must be 'materially adverse,' meaning that the plaintiff must show that the action 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Laird v. Fairfax Cty.*, 978 F.3d 887, 893 (4th Cir. 2020) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006)).  The harm must be "a significant detriment, not relatively insubstantial or trivial."  *Id*. (quoting *Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015)).

Plaintiff's narrative statement in the EEOC Charge contains the following factual allegations:

> I began my employment with GB Shoes as Sales Representative in March of 2019.  In 2007, I was in an accident that caused me to be left with a medical condition.  Due to my medical condition I could not work more than 25 hours a week.  I notified Ben Justice, General Manager, Male, of my disability and the conditions I needed to work under.  He told me that I needed to notify my district manager of this.  I created an agreement with Johnathan (last name unknow[n]), District Manager, Male, that I would not work more than 25 hours a week and I would get proper breaks.  Ben continued to schedule me 30–40 hours a week and I complained.  He responded to my complaint by saying, my hip hurts too and I have to work 50 plus hours, so why can you not work?  After I complained, I was only given the leftover hours.

---

[3] Defendants do not dispute that Plaintiff's alleged complaints about failure to accommodate his disability constituted protected activity within the meaning of the ADA, and the Court hereby finds that they did.  *See* 42 U.S.C. § 12203 ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act[.]").

5

ECF No. 1-3.  Although Plaintiff did not check the box next to "Retaliation," the Magistrate Judge found he had fairly alleged that he was retaliated against for his complaint to the General Manager by being given only "the leftover hours."[4]

Defendants contend the EEOC Charge fails to allege "that Plaintiff suffered any adverse action sufficient to support his decision to quit his employment, to wit: that he was constructively discharged—an essential element of a retaliation claim[.]"  ECF No. 42 at 4.  But constructive discharge is not a required element of a retaliation claim under the ADA.  The general class of adverse employment actions encompasses various "significant change[s] in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)); *see also White*, 548 U.S. at 741 (finding that a reassignment to less desirable work responsibilities could constitute adverse employment action).

The retaliation alleged by Plaintiff—being given only "leftover hours"—is sufficient, at this stage, to constitute an allegation of adverse employment action.  Defendants object to the Magistrate Judge's interpretation that Defendants "'punished' the Plaintiff 'by taking almost all of his hours away.'"  ECF No. 42 at 4 n.3 (quoting ECF No. 38 at 10).  However, particularly in light of the liberal construction that must be afforded to a pro se Plaintiff,

---

[4] Defendants do not object to the Magistrate Judge's conclusion that Plaintiff's narrative statement, despite his failure to check the correct box, could constitute fair notice of an ADA retaliation claim.  Upon review, the undersigned agrees with the Magistrate Judge and adopts her recommendation with respect to Plaintiff's failure to check the "Retaliation" box.

this interpretation appears to be a fair one.  Certainly, making all reasonable inferences in Plaintiff's favor, it is at least clear from his EEOC Charge allegations that he received substantially less desirable hours—whether in a reduced quantity, or by some other measure—as a result of his complaint to the General Manager.  This is the kind of "significant change in employment status" that may be found to constitute adverse employment action.  *Hoyle*, 650 F.3d at 337.  In other words, at this procedural posture, a reduction in hours or other undesirable assignment of hours is an adequate allegation of "significant detriment."  *Laird*, 978 F.3d at 893.  The Court therefore overrules Defendants' Objections and adopts the Magistrate Judge's Report.

## **CONCLUSION**

For the reasons set forth above, the Court **OVERRULES** Defendants' Objections [42] and **ADOPTS** the Report [38].  Defendants' Partial Motion to Dismiss [28] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claim for retaliation in violation of Title VII is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 9, 2021
Spartanburg, South Carolina