IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Mitchell D. Hightower, | ) | C/A No. 6:20-cv-03959-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| G.B. Shoes and Houser Shoes, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| _____ | ) | |

This matter comes before the Court on Defendants' Motion for Summary Judgment. ECF No. 85. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Jacqueline D. Austin for pre-trial handling and a Report and Recommendation ("Report"). On June 2, 2022, the Magistrate Judge issued a Report recommending that Defendants' Motion for Summary Judgment be granted. ECF No. 96. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed Objections to the Report, and Defendants filed a Reply. ECF Nos. 98, 99.

---

[1] The caption reflects the parties currently involved in this case. On March 26, 2021, this Court adopted the Magistrate Judge's recommendation that Defendants Ben Justice and Jonathan LNU be dismissed from the action without prejudice. ECF No. 35. In addition, on August 9, 2021, this Court adopted the Magistrate Judge's recommendation that Plaintiff's claim for retaliation in violation of Title VII be dismissed from the action without prejudice. ECF No. 49.

## BACKGROUND

Plaintiff, proceeding pro se, filed suit in this Court on November 12, 2020, asserting claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117, based on Defendants' termination of his employment, failure to accommodate his disability, unequal terms and conditions of employment, and retaliation. ECF No. 1-4 at 3–5. Specifically, Plaintiff alleges discrimination based on his sex and disability. *Id*. at 5.

On March 15, 2022, Defendants filed a Motion for Summary Judgment on Plaintiff's remaining claims for employment discrimination under Title VII and the ADA. ECF No. 85. The Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to the Motion. ECF No. 86. Plaintiff filed a Response in Opposition on April 14, 2022. ECF No. 88. Defendants filed a Reply on April 21, 2022, and Plaintiff filed a Sur-Reply on April 27, 2022. ECF Nos. 90, 92. On June 2, 2022, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 96. Plaintiff filed Objections to the Report, and Defendants filed a Reply. ECF Nos. 98, 99.

Neither party has objected to the Magistrate Judge's thorough recitation of the facts as alleged in the Complaint, and it is incorporated herein by reference. *See* ECF No. 96 at 2–4.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## **DISCUSSION**

Plaintiff challenges the Magistrate Judge's determination that he has failed to forecast evidence creating a genuine issue of material fact concerning whether Defendants violated Title VII or the ADA. ECF No. 98. While Plaintiff's Objections appear general in nature, out of an abundance of caution, the Court has reviewed the Report, the record, and the applicable law de novo. Plaintiff objects to the Magistrate Judge's consideration of his ADA discrimination and retaliation claims, reiterating his allegations regarding the store manager's comments to Plaintiff about his bathroom breaks. *Id.* at 1. Upon review, the Court finds the Magistrate Judge thoroughly evaluated and considered Plaintiff's allegations with respect to the store manager's comments, as demonstrated in footnotes ten and thirteen of the Report. ECF No. 96 at 14 n.10, 17 n.13.

Specifically, the Magistrate Judge discussed the testimony of both Plaintiff and the store manager regarding the alleged comments and determined that there was no basis in the record for any reasonable inference that the comments reflected anything more

3

than the store manager's concern that the sales floor be properly covered.  *Id.*  Consequently, the Magistrate Judge concluded that the comments did not rise to the level of an adverse employment action.  *Id.*  The Court agrees with the Magistrate Judge's determination.

In addition, Plaintiff contends the Magistrate Judge failed to address his allegations regarding Defendants' reduction of his work hours.  ECF No. 98 at 1.  However, the Magistrate Judge provided a detailed discussion of Plaintiff's scheduling limitations and the actions Defendants took in response to Plaintiff's requests and ultimately concluded that Plaintiff presented no evidence to support his ADA scheduling-limitation and retaliation claims.  ECF No. 96 at 13–14, 17–18.  Upon review, the Court agrees with the Magistrate Judge's determination.

Moreover, Plaintiff objects to the Magistrate Judge's evaluation of his Title VII sex discrimination claim, noting that only women work for Defendants in surrounding stores.  ECF No. 98 at 1.  Upon review, the Court finds the Magistrate Judge properly considered Plaintiff's allegations of sex discrimination and reasonably determined that Plaintiff presented no evidence to support his claim.  ECF No. 96 at 7–10.

Further, liberally construing Plaintiff's Objections, the Court finds Plaintiff has failed to specifically object to the remainder of the Report.  However, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, the applicable law, and the Magistrate Judge's Report.  Having done so, the Court agrees

with the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be granted.[2]

## **CONCLUSION**

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections [98] and **ADOPTS** the Report [96]. Accordingly, Defendants' Motion for Summary Judgment [85] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 28, 2022
Spartanburg, South Carolina

---

[2] The Court declines to construe Plaintiff's statements in his Objections regarding race as raising a race discrimination claim at this procedural posture. Plaintiff is the master of his Complaint and has not moved to amend or otherwise raised this claim previously; accordingly, he may not now allege any new claim in his Objections to the Report.

5